UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

RANDALL E. MILLER,

        Petitioner,

        v.                                         Case No. 04-CV-494

UNITED STATES OF AMERICA,

        Respondent.

_____

## ORDER

On May 17, 2004, Randall Miller ("Miller") filed a petition under 28 U.S.C. § 2255 to vacate, set-aside, or correct the federal sentence he currently is serving. This matter has been fully briefed and is now ready for decision. For the reasons set forth below, Miller's petition will be denied.

## BACKGROUND

On November 11, 1998, a grand jury sitting in this district returned a superseding indictment charging Miller, along with 16 other co-defendants, with Racketeer Influenced and Corrupt Organizations ("RICO") offenses, RICO conspiracy offenses, and drug conspiracy offenses. (*See United States v. O'Neill et al.*, Case. No. 97-CR-98, November 11, 1998 Superseding Indictment, Docket # 793.) Specifically, Miller was charged at counts one through four with violations of 18 U.S.C. §§ 1962(c) and (d), 21 U.S.C. §§ 841(a)(1), 846, and 18 U.S.C. § 2. Miller pled not guilty to each of these offenses, and after several

rounds of pretrial motions, he proceeded to trial. On June 15, 2000, Miller was found guilty of all counts. He was sentenced to life imprisonment as to counts one and two, and to 240 months' imprisonment as to counts three and four, to run concurrently for a total term of life imprisonment. Miller appealed to the Seventh Circuit Court of Appeals, which affirmed the convictions and sentence. *United States v. Warneke,* 310 F.3d 542 (7th Cir. 2002). He then petitioned for rehearing en banc and for writ of certiorari to the Supreme Court, both of which were denied.

**ANALYSIS**

Miller's section 2255 petition sets forth a single ground where he alleges ineffective assistance of counsel. Miller alleges that his trial attorney, Raymond Dall'Osto ("Dall'Osto"), was ineffective for failing to investigate certain evidence prior to trial, failing to call certain witnesses at trial, failing to address Rule 44(c) of the Federal Rules of Criminal Procedure concerns; and he further alleges Dall'Osto was ineffective because he was "unavailable to invoke the procedural and substantive safeguards that distinguish this system of justice." (Miller's Pet. 1-4.) The government has filed a detailed response to Miller's Sixth Amendment violation allegations urging that the court dismiss Miller's petition in its entirety. (Gov't Resp. Docket # 3.)

Section 2255 provides that a prisoner "may move the court which imposed the sentence to vacate, set aside, or correct the sentence" on the ground that his sentence was imposed in violation of the Constitution or the laws of the United

States. To receive relief under section 2255, a petitioner must demonstrate a "fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185 (1979). The Seventh Circuit has also articulated that the substance of the petition takes precedence over its form, and petitions that arise under section 2255 are properly treated as such. *Guyton v. United States*, 453 F.3d 425 (7th Cir. 2006). Miller's petition clearly alleges that his sentence was imposed in violation of his Sixth Amendment rights, and the court notes at the outset it falls classically within the purview of section 2255 petitions.

To establish that he was deprived of his right to effective counsel, Miller must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that he was prejudiced because "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 695 (1984). Given these recognized burdens, habeas petitioners claiming ineffective assistance of counsel must overcome a substantially high burden. *See, e.g., Sullivan v. Fairman,* 819 F.2d 1382,1391 (7th Cir. 1987) ( noting the highly deferential standard a court is to apply when reviewing counsel's performance in a habeas petition).

### a. Failure to Properly Investigate and Call Witnesses

Miller alleges that Dall'Osto "conducted no such inquiry or investigation" into his case in support of his claim that he suffered from an ineffective assistance of counsel. (Miller's Pet. 2.) However, upon a review of the record, the court finds that

this statement is unsupported and indeed contrary to the record. To be sure, the record reflects that Dall'Osto vigorously defended Miller at every level of the prosecution in this case; he filed pre-trial motions and objections; thoroughly cross-examined government witnesses implicating Miller in the charged crimes; and he presented a defense case, calling both lay and expert witnesses. The court will review Miller's ineffectiveness claim for failure to investigate against this backdrop.

The Supreme Court has noted that counsel has a duty to make a reasonable investigation into the case, or to make the determination that a particular investigation is unnecessary. *Strickland*, 466 U.S. at 691. However, the Supreme Court has also noted that in order to constitute a claim for ineffective assistance of counsel for failure to investigate, an "attorney's failure must be virtually complete." *Bell v. Cone,* 535 U.S. 685, 698 (2002). A successful habeas petition must make a "specific, detailed showing to the content of the evidence into which trial counsel should have investigated." *United States ex. rel. McCall v. O'Grady*, 908 F.2d 170, 174 (7th Cir. 1990). Stated another way, "a section 2255 petitioner alleging ineffective assistance of counsel due to counsel's failure to investigate has the burden of providing . . . a comprehensive showing as to what the investigation would have produced." *Hardamon v. United States,* 319 F.3d 943, 951 (7th Cir. 2003); *see also United States v. Hubbard,* 929 F.2d 307, 310-11 (7th Cir. 1991).

Miller's petition sets forth extremely vague allegations that Dall'Osto failed to adequately investigate the case, and due to this failure, Miller suffered from

-4-

Dall'Osto's lack of investigation and preparation. (Miller's Pet. 2-4.) Although the Seventh Circuit has recognized that "prison is a difficult place from which to litigate," *Wright v. Gramley*, 125 F.3d 1038, 1043 (7th Cir.1997), even incarcerated petitioners are under the burden to "demonstrate, with some precision," the content of what ought to have been investigated. *United States ex rel. Cross v. DeRobertis*, 811 F.2d 1008, 1016 (7th Cir. 1987). Without identifying what evidence an investigation would have uncovered, Miller cannot show that Dall'Osto's failure to conduct an investigation was objectively unreasonable. *See Hardamon*, 319 F.3d at 951. Accordingly, the court is left to find that Miller has not set forth the requisite factual information to support a claim of ineffective assistance of counsel for a failure to investigate, and therefore, concludes that his claim is without merit.

In addition to his failure to investigate claim, Miller also alleges that Dall'Osto was ineffective for his failure to call certain witnesses to testify. As appears below, Miller's allegation that Dall'Osto was ineffective for failing to call certain witnesses at trial is similarly without merit. In his petition, Miller once again provides extremely vague and conclusory statements alleging Dall'Osto "refused to call numerous witnesses, which included investigative detectives of McHenry County." (Miller's Pet. 1.); Miller fairs slightly better in his reply to the government's response, and attaches an investigative statement of an individual he thought should have been called as a witness at trial. (Miller's Reply Ex. 1.) The only witnesses Miller cites by name in his petition are Gary Gauger ("Gauger") and Theodore Dubinsky ("Dubinsky"), and the court will evaluate his claim as to these two witnesses.

An attorney's decision not to call a witness at trial is a strategic decision that is generally not subject to review. *United States v. Best*, 426 F.3d 937, 945 (7th Cir. 2005); *see also United States v. Balzano*, 916 F.2d 1273, 1294 (7th Cir. 1990). In fact, the instance is rare when an attorney's failure to call a witness constitutes ineffective assistance of counsel. *Sullivan v. Fairman*, 819 F.2d 1382, 1390 (7th Cir. 1987). When a petitioner claims his trial counsel failed to call a witness, as Miller is alleging, he must make a specific and affirmative showing as to what the missing evidence and testimony would have been, and he also must prove that this witness's testimony would have produced a different result at trial. *United States ex rel. McCall v. O'Grady*, 908 F.2d 170, 173 (7th Cir. 1990).

As the government correctly notes, the first individual Miller argues Dall'Osto should have called, Gary Gauger, was wrongfully accused of the murders Miller stood trial for. Additionally, he was the son of the victims. The jury was made aware of the fact that Gauger had been wrongfully accused of the murders through other witnesses called by the government. Miller argues that Gauger should have been called because he confessed to the crimes; however, against the backdrop of what happened subsequent to his confessions, the court finds that he would have made a poor defense witness. Indeed, the court is hard-pressed to find any basis to suggest that calling this individual to testify would have aided Miller's defense in any manner or respect, and therefore, concludes that Dall'Osto's failure to call Gauger to testify simply does not support Miller's claim of ineffective assistance of counsel.

-6-

Although not explicitly stated by Miller, it appears as though he believes that Dall'Osto should have called Dubinsky to testify to offer impeachment evidence of government witnesses. In Miller's reply to the government's response, he attaches an investigative report prepared by Ira Robins. The report details an investigation of Dubinsky wherein he stated that he did not see Miller at the scene of the Donald Wagner murder. Aside from this submission, he does not detail any information as to why Dall'Osto should have found this evidence credible or what, precisely, Dubinsky would have testified to. Additionally, if he is proffering this evidence for impeachment purposes, it would have been cumulative. The trial record reveals that Dall'Osto, along with the other defense attorneys, offered and elicited testimony tending to impeach government witnesses on multiple levels, and additional testimony would have likely been superfluous. Here too, the court finds that Miller has failed to specifically set forth what the witnesses would have testified to.

Moreover, the court also finds that Miller's vague suggestions that these witnesses should have been called has certainly not demonstrated that such testimony would have produced a different result at trial as required by the Seventh Circuit. *See United States ex rel. McCall v. O'Grady*, 908 F.2d 170, 173 (7th Cir.1990) ( stating that the petitioner must make a specific showing as to what the witness would have shown and that the testimony would have produced a different result at trial.) Dall'Osto presented a coherent and competent defense, particularly in reference to his cross-examination of numerous witnesses and

Case 2:04-cv-00494-JPS   Filed 07/11/07   Page 7 of 9   Document 5

presentation of evidence in the defense case. Although Dall'Osto was an effective and competent attorney, the evidence against his client was considerable, and for this reason the court finds that Miller would not be able to establish the prejudice prong of the *Strickland* test. As the Seventh Circuit indicated in affirming the conviction and sentence, the evidence as to each of these defendants, including Miller, was substantial. *United States v. Warneke,* 310 F.3d 542, 545 (7th Cir. 2002).

### b. Rule 44(c) of the Federal Rules of Criminal Procedure

Miller also alleges that Rule 44(c) of the Federal Rules of Criminal Procedure was violated and he was clearly prejudiced as a result. Rule 44 addresses the court's obligation to make proper inquiries and advisements regarding joint representation when two or more defendants proceeding in the same trial are represented by the same attorney or law firm. *See* Fed. R. Crim. P. 44(c) (defining joint representation and the court's responsibilities in such situations). Dall'Osto was the attorney of record for Miller only in this matter, and his Rule 44 objection is without merit.

Finally, Miller argues that Dall'Osto was ineffective because he was "unavailable to invoke the procedural and substantive safeguards that distinguish this system of justice." This is a legalese standard articulated by the Supreme Court in *Cuyler v. Sullivan*, 446 U.S. 335, 343 (1980), and is simply shorthand for the result a defendant suffers if he sets forth both prongs of the *Strickland* test. As stated above, Miller has not met this *Strickland* standard, and therefore, did not suffer his

attorney's inability to invoke the procedural and substantive safeguards. Only petitioners "who can prove under *Strickland* that they have been denied a fair trial by the gross incompetence of their attorneys will be granted the writ" to vacate. *Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986). Miller has not done so.

Accordingly,

**IT IS ORDERED** that Miller's petition to vacate, set-aside, or correct his federal sentence under 28 U.S.C. § 2255 be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED** with prejudice.

The clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this   11th   day of July, 2007.

BY THE COURT:

 s/ J. P. Stadtmueller
J. P. Stadtmueller
U.S. District Judge